UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARIK WILLIAMS,<br><br>   Plaintiff,<br><br>   v.<br><br>CALIFORNIA HIGHWAY PATROL, et al.,<br><br>   Defendants. | No.  2:25-cv-787 DAD-SCR<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding pro se in this matter and filed a motion for a temporary restraining order ("TRO"), ECF No. 2, which the District Judge referred to the undersigned for issuance of findings and recommendations.  ECF No. 5.  Plaintiff alleges that California Highway Patrol ("CHP") Officer Brett Wade stopped him for driving a vehicle without license plates and then impounded said vehicle.  Plaintiff argues that the stop and impoundment violate his constitutional right to travel and his Fourth Amendment right to be secure against unreasonable seizures.  His TRO motion seeks an *ex parte* hearing on the matter and an order requiring the immediate return of his vehicle, among other relief.  As explained below, Plaintiff makes neither a sufficient showing on the merits nor as to irreparable harm.  The undersigned accordingly recommends that Plaintiff's TRO motion be denied.

**I.      Background**

On March 10, 2025, Plaintiff concurrently filed a complaint against CHP and Officer Wade and the instant TRO motion.  Plaintiff submitted signed declarations in support of the TRO

1

1    motion in which Plaintiff alleges: Plaintiff relies on his privately-owned vehicle for transportation
2    to work, managing household and farming responsibilities, and attending appointments.  ECF No.
3    2-4, ¶ 1.  On February 21, 2025, Officer Wade stopped Plaintiff while he was "lawfully traveling
4    on a public road for persona, non-commercial purposes."  *Id*. ¶ 2.a.  Officer Wade seized and
5    impounded the vehicle "solely on the technical allegation that it did not display a valid California
6    license plate."  *Id*.

7        Plaintiff received a notice "offering an opportunity to request an administrative hearing
8    with the CHP regarding the impoundment," but was denied a request for such hearing when he
9    called CHP on March 3, 2025.  *Id*. ¶ 2.b.  A sergeant Plaintiff spoke to that day "directed me to
10   resolve the matter in court."  *Id*.  Plaintiff filed a suit in Amador County Superior Court, but that
11   court denied a request for "expedited relief," finding "no irreparable harm had been shown."  *Id*.

12       Plaintiff operates a small farm "where timely transportation is essential."  *Id*. ¶ 3.c.
13   Plaintiff alleges that the impoundment of his "only means of transportation" has caused economic
14   and personal hardship, including through "unsustainable expenses for alternative transportation"
15   and "miss[ing] significant work, thereby reducing [his] income."  *Id*. ¶ 3.a.  It has also
16   "disrupted" his "ability to care for [his] livestock and manage farm operations, exacerbating the
17   financial burdens."  *Id*. ¶ 3.c.

18       Plaintiff believes that if his vehicle remains impounded for more than 30 days, it may be
19   auctioned or reverted to the lender.  *Id*. ¶ 3.d.

20       Plaintiff filed the TRO motion without formal notice to Defendants based on his belief
21   that providing such notice would allow them to expedite the auction of his vehicle.  ECF No. 2 at
22   2.  However, Plaintiff states that he did provide email notice to "the local CHP office" and "the
23   State District Attorney," though the latter email address is associated with the California
24   Department of Justice.  ECF No. 2-5, ¶ 4.  Plaintiff has filed no proof of service.  Accordingly, it
25   is unclear whether Plaintiff has even served Defendants with the complaint in this action.

26       **II.    Legal Standards & Analysis**

27       A TRO is an extraordinary remedy that may only be granted if the moving party satisfies one
28   of two legal standards.  A plaintiff seeking a TRO must generally establish all four of the following

elements: (1) likely success on the merits of his underlying case; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015). A plaintiff may also be entitled to a TRO by showing serious questions going to the merits, irreparable harm, and a balance of equities that tips strongly in the plaintiff's favor. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011).

**A. Merits**

Based on the record currently before the Court, Plaintiff fails to make a sufficient showing on the merits of his claims. While the record is sparse, Plaintiff was apparently pulled over and his vehicle impounded because that vehicle was not displaying a valid license plate.[1] Failure to register a vehicle and failure to display current registration tags on a vehicle's rear license plate violate California's laws concerning operation of motor vehicles. *See* Cal. Veh. Code § 4000(a) (providing in relevant part that "[a] person shall not drive, move, or leave standing upon a highway, or in an offstreet public parking facility, any motor vehicle ... unless it is registered and the appropriate fees have been paid under this code"); *Id*. § 5204(a) (requiring "[c]urrent month and year tabs" to be attached to a vehicle's rear license plate).

While Plaintiff is correct that failure to display a valid license plate is a technical legal violation that does not necessarily implicate traffic safety, such technical violation furnished a constitutionally-sufficient basis for Officer Wade to stop Plaintiff's vehicle. A warrantless traffic stop is permissible under the Fourth Amendment "where the police have probable cause to believe a traffic violation has occurred." *Whren v. United States*, 517 U.S. 806, 810 (1996). However, the subsequent impoundment of Plaintiff's vehicle was a presumptively unreasonable warrantless seizure that would be justified only if the "community caretaking" exception applies.

The community caretaking exception generally "permits government officials to remove vehicles from the streets when they jeopardize public safety and the efficient movement of vehicular traffic." *Sandoval v. County of Sonoma*, 912 F.3d 509, 516 (9th Cir. 2018). Evaluating

---

[1] Plaintiff asserts he was traveling "lawfully" in the vehicle. However, as noted herein, it is unlawful to operate a motor vehicle without a valid license plates or registration.

3

the constitutionality of an impoundment accordingly requires a fact-intensive inquiry in most cases. *Id*. ("Whether this exception applies turns on the facts and circumstances of each case."). However, the Ninth Circuit has also stated that the community caretaking exception also allows for impoundment "if the driver is unable to remove the vehicle from a public location without continuing its illegal operation." *Miranda v. City of Cornelius*, 429 F.3d 858, 865 (9th Cir. 2005). On that basis, courts have consistently found impoundment of an unregistered vehicle to be reasonable under the Fourth Amendment. *See Leslie v. City of Sand City*, 615 F.Supp.2d 1121, 1125 (N.D. Cal. 2009) (in case involving expired registration, stating that "if allowing a driver to remove a vehicle would result in violation of a traffic regulation, impoundment of a vehicle is reasonable" under the Fourth Amendment); *Constitution of U.S. v. Southwick*, 2008 WL 5111144, *2-3 (D. Or.) (quoting *Miranda* to justify impoundment where, among other violations, "the truck had no license plates displayed," in violation of Oregon law); *see also United States v. Cartwright*, 630 F.3d 610, 616 (7th Cir. 2010) (upholding the impoundment of the defendant's vehicle, based in part on the fact that "no one could have lawfully driven [the] car from the scene"). Accordingly, on the current record, there is not even a serious question going to the merits of Plaintiff's Fourth Amendment impoundment claim.

Plaintiff also contends that the impoundment interferes with his fundamental constitutional right to travel. The fundamental rights of free movement and travel—both interstate and intrastate—are rooted, at a minimum, in the Constitution's due process protections. *See Papachristou v. City of Jacksonville*, 405 U.S. 156, 165 (1972). While the impoundment of Plaintiff's vehicle may be a practical impediment to free movement and travel, "burdens on a single mode of transportation do not implicate the right to interstate travel [,]" and "[Plaintiff] does not have a fundamental 'right to drive.'" *Miller v. Reed*, 176 F.3d 1202, 1205-06 (9th Cir. 1999); *see also Cholerton v. Brown*, 2014 WL 3818049, at *4 (C.D. Cal.) ("To the extent Plaintiff argues that his fundamental right to travel was violated by impoundment of his vehicle and/or imposition of state vehicle registration requirements on Plaintiff … there is no merit to these contentions."); *McCain v. Stockton Police Dept.*, 2011 WL 4710696, at *5 (E.D. Cal.) ("To the extent plaintiff contends that her fundamental right to interstate travel is violated by impoundment

of her Vehicle or state requirements that she register the Vehicle and possess a valid driver's license, that claim fails as a matter of law."). Plaintiff has not made a sufficient showing on the merits to warrant the issuance of a TRO.[2]

### B. Irreparable Harm

Plaintiff's claimed irreparable harm is rooted in a general statement of financial hardship. While the Court does not doubt the hardship loss of a vehicle may entail, "'[m]onetary injury is not normally considered irreparable.'" *hiQ Labs, Inc. v. LinkedIn Corporation*, 31 F.4th 1180, 1188 (9th Cir. 2022) (quoting Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League, 634 F.2d 1197, 1202 (9th Cir. 1980)). That is because an economic injury can normally be remedied later by a damages award. *See Sampson v. Murray*, 415 U.S. 61, 90 (1974) ("[I]t seems clear that the temporary loss of income, ultimately to be recovered, does not usually constitute irreparable injury.... The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." (internal quotation omitted)); *Rent–A–Center, Inc. v. Canyon Television & Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir. 1991) ("It is true that economic injury alone does not support a finding of irreparable harm, because such injury can be remedied by a damage award."); *Goldie's Bookstore, Inc. v. Superior Court*, 739 F.2d 466, 471 (9th Cir. 1984) ("Mere financial injury ... will not constitute irreparable harm if adequate compensatory relief will be available in the course of litigation."). On the current record, Plaintiff has not demonstrated irreparable harm.

### III. Conclusion

As explained above, Plaintiff has not demonstrated irreparable harm or made a sufficient showing on the merits. It is accordingly unnecessary to analyze the other factors under either the *Winter* or *Alliance for the Wild Rockies* standards.

For the reasons provided above, **IT IS HEREBY RECOMMENDED** that Plaintiff's TRO motion be denied.

---

[2] Plaintiff argues he should not be subject to registration requirements because he is not operating a commercial vehicle. Plaintiff offers no meaningful support for this argument.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen days** after being served with these findings and recommendations, either party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 20, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE