UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARIK WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA HIGHWAY PATROL, et al.,<br><br>　　　　Defendants. | No. 2:25-cv-787 DAD-SCR<br><br>ORDER AND AMENDED FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding pro se in this matter and filed a motion for a temporary restraining order ("TRO"), ECF No. 2, which the District Judge referred to the undersigned for issuance of findings and recommendations. ECF No. 5. Plaintiff alleges that California Highway Patrol ("CHP") Officer Brett Wade stopped him for driving a vehicle without license plates and then impounded said vehicle. Plaintiff argues that the stop and impoundment violate his constitutional right to travel and his Fourth Amendment right to be secure against unreasonable seizures. His TRO motion seeks an *ex parte* hearing on the matter and an order requiring the immediate return of his vehicle, among other relief.

On March 20, 2025, the undersigned recommended that Plaintiff's TRO motion be denied for deficiencies as to both the merits and irreparable harm prongs of the relevant analysis. ECF No. 6. Plaintiff's Objections the Findings and Recommendations asserted new facts potentially relevant to the TRO analysis. ECF No. 10. While Plaintiff should have presented those facts in

1

his TRO motion, in light of Plaintiff's pro se status, the Court scheduled an evidentiary hearing on a limited set of factual issues. ECF No. 12. The Court convened the evidentiary hearing on April 10, 2025, heard testimony from Plaintiff, considered a declaration and other evidence from Defendants, and allowed subsequent filings concerning a handful of disputed issues. Based on the entire record presently before the Court, the undersigned now vacates the original Findings and Recommendations and makes these Amended Findings and Recommendations, which also recommend that Plaintiff's motion for a TRO be denied.

**I.    Background**

On March 10, 2025, Plaintiff concurrently filed a complaint against CHP and Officer Wade and the instant TRO motion. ECF Nos. 1-2. Plaintiff submitted signed declarations in support of the TRO motion in which Plaintiff alleges: Plaintiff relies on his privately-owned vehicle for transportation to work, managing household and farming responsibilities, and attending appointments. ECF No. 2-4, ¶ 1. On February 21, 2025, Officer Wade stopped Plaintiff while he was "lawfully traveling on a public road for personal, non-commercial purposes." *Id*. ¶ 2.a. Officer Wade seized and impounded the vehicle "solely on the technical allegation that it did not display a valid California license plate." *Id*.

Plaintiff received a notice "offering an opportunity to request an administrative hearing with the CHP regarding the impoundment," but was denied a request for such hearing when he called CHP on March 3, 2025. *Id*. ¶ 2.b. A sergeant Plaintiff spoke to that day "directed me to resolve the matter in court." *Id*. Plaintiff filed a suit in Amador County Superior Court, but that court denied a request for "expedited relief," finding "no irreparable harm had been shown." *Id*.

Plaintiff operates a small farm "where timely transportation is essential." *Id*. ¶ 3.b. Plaintiff alleges that the impoundment of his "only means of transportation" has caused economic and personal hardship, including through "unsustainable expenses for alternative transportation" and "miss[ing] significant work, thereby reducing [his] income." *Id*. ¶ 3.a. It has also "disrupted" his "ability to care for [his] livestock and manage farm operations, exacerbating the financial burdens." *Id*. ¶ 3.b.

Plaintiff believes that if his vehicle remains impounded for more than 30 days, it may be

1  auctioned or reverted to the lender. *Id*. ¶ 3.b.

2       Plaintiff filed the TRO motion without formal notice to Defendants, based on his belief
3  that providing such notice would allow them to expedite the auction of his vehicle. ECF No. 2 at
4  2. However, Plaintiff states that he did provide email notice to "the local CHP office" and "the
5  State District Attorney," though the latter email address is associated with the California
6  Department of Justice. ECF No. 2-5, ¶ 4.

7       On March 20, 2025, the undersigned recommended that Plaintiff's TRO motion be denied.
8  ECF No. 6. Plaintiff filed Objections the Findings and Recommendations which asserted, for the
9  first time, that the traffic stop occurred adjacent to the residences of friends with whom he could
10 have left his vehicle. ECF No. 10 at 4. The Court ordered an evidentiary hearing to further
11 develop the record on the questions of whether the impoundment of Plaintiff's vehicle violated
12 the Fourth Amendment and whether the subsequent procedures for recovering the vehicle
13 violated Plaintiff's due process rights. ECF No. 12.

14      Officer Wade was unavailable to testify at the evidentiary hearing on April 10, 2025, but
15 submitted a declaration describing his traffic stop of Plaintiff and the impoundment of Plaintiff's
16 vehicle. ECF No. 13-1. Defendants submitted other evidence, including the citation Officer
17 Wade issued to Plaintiff (ECF No. 13-3) and dashboard camera video recording of the traffic stop
18 and impoundment (ECF No. 13-4), which includes a recording of much of the verbal interactions
19 between Plaintiff, Officer Wade, and another CHP officer who responded to the traffic stop. At
20 the evidentiary hearing, the Court heard testimony from Plaintiff and accepted several of
21 Plaintiff's exhibits into the record. ECF No. 14.

22      After the evidentiary hearing, Defendants filed a supplemental brief in which counsel for
23 Defendants proffered that Plaintiff's vehicle was released from impoundment "to the lender and
24 legal owner of the vehicle, Wells Fargo Auto." ECF No. 15 at 2.

25     **II.**    **Legal Standards & Analysis**

26      A TRO is an extraordinary remedy that may only be granted if the moving party satisfies one
27 of two legal standards. A plaintiff seeking a TRO must generally establish all four of the following
28 elements: (1) he is likely to succeed on the merits of his underlying case; (2) he is likely to suffer

irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015). A plaintiff may also be entitled to a TRO by showing serious questions going to the merits, irreparable harm, and a balance of equities that tips strongly in the plaintiff's favor. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011).

### III. Findings of Fact

Based on the information submitted by the parties at the evidentiary hearing and in related filings, the undersigned makes the following findings of fact: (1) On February 21, 2025, Plaintiff was driving a Ford truck ("Plaintiff's vehicle") with a trailer ("Plaintiff's trailer") attached on a public road; (2) Plaintiff's vehicle lacked valid registration under California's Vehicle Code, but Plaintiff's trailer had such valid registration; (3) Plaintiff had been ticketed for driving the same vehicle without valid registration in 2024, and paid a fine for that ticket but did not pay to register the vehicle; (4) CHP officers had stopped Plaintiff multiple times over the past two years for driving the same vehicle without valid registration; (5) Officer Wade impounded Plaintiff's vehicle pursuant to Vehicle Code § 22651(o)(3)(A); (6) Officer Wade did not ask Plaintiff whether anyone could help him move his vehicle; (7) Officer Wade did ask Plaintiff whether anyone could help him move his trailer; (8) Plaintiff did not volunteer to Officer Wade that anyone living directly adjacent to the location of the traffic stop could help him move his vehicle; (10) Officer Wade did not impound Plaintiff's trailer, and instead left the trailer at the location of the traffic stop; (11) CHP mailed Plaintiff a notice concerning his right to a hearing to "determine the validity" of the "storage" of his vehicle, as required by Vehicle Code § 22852 (ECF No. 14-2 at 3); (12) when Plaintiff called CHP to request that hearing, he was told that he could recover his vehicle by registering it, but that otherwise he needed to file a lawsuit; (13) Plaintiff had not, as of April 10, 2025, registered his vehicle; (14) Plaintiff does not intend to register his vehicle with the California Department of Motor Vehicles unless he ultimately fails to prevail on his legal theory that his constitutional right to travel entitles him to operate his vehicle without complying with state law vehicle registration requirements; (15) if Plaintiff were to recover his vehicle while this lawsuit is pending, it would sit idle on his property; and (16) Plaintiff's vehicle has reportedly

been released from impound to Wells Fargo Auto, the lender and legal owner of the vehicle.[1]

**IV.   Analysis**

    **A. Merits**

Based on the record currently before the Court, Plaintiff fails to make a sufficient showing on the merits of his claims. While Plaintiff is correct that failure to display a valid license plate is a technical legal violation that does not necessarily implicate traffic safety, such technical violation furnished a constitutionally sufficient basis for Officer Wade to stop Plaintiff's vehicle. A warrantless traffic stop is permissible under the Fourth Amendment "where the police have probable cause to believe a traffic violation has occurred." *Whren v. United States*, 517 U.S. 806, 810 (1996). However, the subsequent impoundment of Plaintiff's vehicle was a presumptively unreasonable warrantless seizure that would be justified only if the "community caretaking" exception applies.

The community caretaking exception generally "permits government officials to remove vehicles from the streets when they 'jeopardize public safety and the efficient movement of vehicular traffic.'" *Sandoval v. County of Sonoma*, 912 F.3d 509, 516 (9th Cir. 2018) (internal citations omitted). Evaluating the constitutionality of an impoundment accordingly requires a fact-intensive inquiry in most cases. *Id*. ("Whether this exception applies turns on the facts and circumstances of each case."). However, the Ninth Circuit has stated that the community caretaking exception also allows for impoundment "if the driver is unable to remove the vehicle from a public location without continuing its illegal operation." *Miranda v. City of Cornelius*, 429 F.3d 858, 865 (9th Cir. 2005). On that basis, courts have consistently found impoundment of an unregistered vehicle to be reasonable under the Fourth Amendment. *See Leslie v. City of Sand City*, 615 F.Supp.2d 1121, 1125-26 (N.D. Cal. 2009) (in case involving expired registration, stating that "if allowing a driver to remove a vehicle would result in violation of a traffic regulation, impoundment of a vehicle is reasonable" under the Fourth Amendment); *Constitution of U.S. v. Southwick*, 2008 WL 5111144, at *2-3 (D. Or. Dec. 1, 2008) (quoting *Miranda* to justify impoundment where, among other violations, "the truck had no license plates displayed,"

---

[1] There are many other facts in the record. However, these are the relevant facts for purposes of resolving Plaintiff's TRO motion.

1  in violation of Oregon law); *see also United States v. Cartwright*, 630 F.3d 610, 616 (7th Cir.
2  2010) (upholding the impoundment of the defendant's vehicle, based in part on the fact that "no
3  one could have lawfully driven [the] car from the scene").

4      In the instant case, Plaintiff has not shown that he could have moved his vehicle without
5  further violating state laws that require vehicle registration.  Nor has he shown that anyone was
6  available to assist him in moving his vehicle by, for example, bringing a trailer to tow his vehicle
7  to Plaintiff's home or another private property.  Nor has Plaintiff shown that he sought the
8  opportunity to drive his vehicle onto any private property adjacent to the traffic stop.
9  Accordingly, on the current record, Plaintiff has not shown serious questions going to the merits
10 of his Fourth Amendment impoundment claim.

11     Plaintiff also argues that he was deprived of a hearing on the impoundment of his vehicle,
12 in violation of due process.  After impounding Plaintiff's vehicle, CHP mailed him a "Notice of
13 Stored Vehicle" as required by Vehicle Code § 22852.  ECF No. 14-2 at 3.  That notice informed
14 him that he could request an administrative hearing to "determine the validity" of the "storage" of
15 his vehicle.  When Plaintiff called CHP to request that hearing, an unidentified CHP officer told
16 him that he could recover his vehicle by registering it, but that otherwise he needed to file a
17 lawsuit.  "The determination of what procedures satisfy due process depends upon an analysis of
18 the particular case in accordance with the three-part balancing test outlined in *Mathews v.*
19 *Eldridge*, 424 U.S. 319, [] (1976)." *Orloff v. Cleland*, 708 F.2d 372, 378-79 (9th Cir. 1983).  It is
20 troubling that Plaintiff was apparently discouraged from pursuing the administrative hearing
21 provided by Vehicle Code § 22852.  However, it is not clear what purpose an administrative
22 hearing would have served for Plaintiff.  He had not registered his vehicle and does not intend to
23 register it, unless the federal courts reject his right-to-travel theory.  An administrative hearing
24 would presumably have resulted in Plaintiff being informed that he must register his vehicle
25 consistent with state law in order to recover and operate said vehicle.  As to Plaintiff's particular
26 circumstances, then, it is not clear what "probable value … additional" procedural "safeguards"
27 ////
28 ////

6

would have provided.² *See Mathews*, 424 U.S. at 335. On the current record, Plaintiff has not shown serious questions going to the merits of his procedural due process claim.

Finally, Plaintiff contends that the impoundment interferes with his fundamental constitutional right to travel. The fundamental rights of free movement and travel—both interstate and intrastate—are rooted, at a minimum, in the Constitution's due process protections. *See Papachristou v. City of Jacksonville*, 405 U.S. 156, 165 (1972). While the impoundment of Plaintiff's vehicle may be a practical impediment to free movement and travel, "burdens on a single mode of transportation do not implicate the right to interstate travel[,]" and "[Plaintiff] does not have a fundamental 'right to drive.'" *Miller v. Reed*, 176 F.3d 1202, 1205-06 (9th Cir. 1999); *see also Cholerton v. Brown*, 2014 WL 3818049, at *4 (C.D. Cal. May 16, 2014) ("To the extent Plaintiff argues that his fundamental right to travel was violated by impoundment of his vehicle and/or imposition of state vehicle registration requirements on Plaintiff, …there is no merit to these contentions."); *McCain v. Stockton Police Dept.*, 2011 WL 4710696, at *5 (E.D. Cal. Oct. 4, 2011) ("To the extent plaintiff contends that her fundamental right to interstate travel is violated by impoundment of her Vehicle or state requirements that she register the Vehicle and possess a valid driver's license, that claim fails as a matter of law."). Plaintiff has not made a sufficient showing on the merits to warrant the issuance of a TRO.³

**B. Irreparable Harm**

Plaintiff's claimed irreparable harm is rooted in a general statement of financial hardship. While the Court does not doubt the hardship loss of a vehicle may entail, "'[m]onetary injury is not normally considered irreparable.'" *hiQ Labs, Inc. v. LinkedIn Corporation*, 31 F.4th 1180, 1188 (9th Cir. 2022) (quoting *Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1202 (9th Cir. 1980)). That is because an economic injury can normally be

---

² To be clear, impoundment and storage practices often raise significant procedural due process concerns. *See Brewster v. City of Los Angeles*, 672 F.Supp.3d 872 (C.D. Cal. 2023) (holding that Los Angeles' post-impounding storage hearing practices violate procedural due process rights). The Court's finding at this point is based on Plaintiff's particular circumstances and a record that has not yet been fully developed as to procedural due process issues.

³ Plaintiff argues he should not be subject to registration requirements because he is not operating a commercial vehicle. Plaintiff offers no meaningful support for this argument.

remedied later by a damages award. *See Sampson v. Murray*, 415 U.S. 61, 90 (1974) ("[I]t seems clear that the temporary loss of income, ultimately to be recovered, does not usually constitute irreparable injury.... The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." (internal quotation omitted)); *Rent–A–Center, Inc. v. Canyon Television & Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir. 1991) ("It is true that economic injury alone does not support a finding of irreparable harm, because such injury can be remedied by a damage award."); *Goldie's Bookstore, Inc. v. Superior Court*, 739 F.2d 466, 471 (9th Cir. 1984) ("Mere financial injury…will not constitute irreparable harm if adequate compensatory relief will be available in the course of litigation.").

Moreover, as Plaintiff testified at the evidentiary hearing, he does not plan to register his vehicle unless or until the federal courts rule that his right to travel does not supersede state registration requirements. Accordingly, even if the Court were to order the return of Plaintiff's vehicle, he would not presently be able to operate it lawfully for economic gain and it would idle on his property pending the resolution of this lawsuit. Based on Plaintiff's avowed plan of action, it is accordingly not clear that the impoundment of the vehicle is causing him economic harm.

Finally, counsel for Defendants has proffered that Plaintiff's vehicle was released from impound to Wells Fargo Auto. Assuming this to be true, the Court could not issue effective injunctive relief against Defendants. *See* Fed. R. Civ. P. 65(d)(2) (only parties, their officers, and those "who are in active concert" with them can be bound by an injunction or retraining order). As a practical matter, Plaintiff must now seek to recover his vehicle from Wells Fargo Auto. On the current record, Plaintiff has not demonstrated irreparable harm absent the entry of a TRO or preliminary injunction.

### V. Conclusion

As explained above, Plaintiff has not demonstrated irreparable harm or made a sufficient showing on the merits. It is accordingly unnecessary to analyze the other equitable relief factors.

It is hereby **ORDERED** that the Findings and Recommendations issued on March 20, 2025 (ECF No. 6) are vacated.

For the reasons explained above, **IT IS HEREBY RECOMMENDED** that Plaintiff's TRO motion be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen days** after being served with these findings and recommendations, either party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 22, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE