UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARIK WILLIAMS,<br><br>        Plaintiff,<br><br>     v.<br><br>CALIFORNIA HIGHWAY PATROL, et al.,<br><br>        Defendants. | No.  2:25-cv-00787-DAD-SCR<br><br><u>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER</u><br><br>(Doc. Nos. 2, 16) |

Plaintiff Arik Williams is proceeding *pro se* in this civil action which he initiated by filing his complaint on March 10, 2025.  (Doc. No. 1.)  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 24, 2025, the assigned magistrate judge issued findings and recommendations recommending that plaintiff's motion for temporary restraining order (Doc. No. 2), in which he requests immediate return of an impounded vehicle and an injunction against future impounding of his vehicle on the basis that he does not possess a driver's license, be denied.  (Doc. No. 16.) Specifically, the magistrate judge concluded that plaintiff had failed to show a likelihood of success on the merits because plaintiff did not show that defendant Officer Wade had a constitutionally insufficient basis for stopping his vehicle.  (*Id.* at 5.)  The magistrate judge further found that plaintiff had not shown that he would be able to move his vehicle without

1

violating state laws as would be required to show that the impoundment of his vehicle was unlawful under the Fourth Amendment. (*Id.* at 5–6.)  The magistrate judge then concluded that plaintiff failed to demonstrate that the impoundment of his vehicle likely violated due process because he could not show what value additional procedural safeguards would have provided him. (*Id.* at 6–7.)  The magistrate judge rejected plaintiff's contention that impoundment of his vehicle "interferes with his fundamental constitutional right to travel." (*Id.* at 7.)  Finally, the magistrate judge concluded that harms claimed by plaintiff were financial in nature and accordingly were not irreparable harms that required the granting of emergency injunctive relief. (*Id.* at 7–8.)

The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.* at 9.)  On May 6, 2025, plaintiff filed his objections to the pending findings and recommendations. (Doc. No. 19.)  Plaintiff's objections largely focus on his frivolous argument that his right to travel permits him to operate an unregistered vehicle without a license plate or driver's license. (*See* Doc. No. 19 at 3–6 (arguing that plaintiff's truck was unlawfully stopped because, although his vehicle did not have a requisite license plate it had a "valid United States Department of Transportation [] number"), 11–16 (describing plaintiff's frivolous right to travel theory)); *see also Andreaccio v. Weaver*, 674 F. Supp. 3d 1011, 1021 (D. Nev. 2023) (collecting cases and holding that "[a]lthough there is a constitutional right to travel, that right is not unfettered, and it does not include the right to drive a motor vehicle on public roads free from state-government requirements for licensing and registration.") (citing *Miller v. Reed*, 176 F.3d 1202, 1206 (9th Cir. 1999)).  In short, plaintiff's objections fail to provide any basis upon which to reject the magistrate judge's well-reasoned findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, including plaintiff's objections, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

/////

For the reasons above,

1.    The findings and recommendations issued on April 24, 2025 (Doc. No. 16) are ADOPTED in full;

2.    Plaintiff's motion for temporary restraining order (Doc. No. 2) is DENIED; and

3.    This matter is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:    **March 16, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE