UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARIK WILLIAMS, | No. 2:25-cv-00787-DAD-SCR (PS) |
| Plaintiff, | |
| v. | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING THIS ACTION WITH LEAVE TO AMEND IN PART |
| CALIFORNIA HIGHWAY PATROL, et al., | |
| Defendants. | (Doc. Nos. 17, 27) |

Plaintiff Arik Williams is proceeding *pro se* in this civil rights action brought pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c)(21).

On May 5, 2025, defendants filed a motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim.  (Doc. No. 17.)  After that motion was fully briefed by the parties, on March 20, 2026, the assigned magistrate judge issued findings and recommendations recommending that defendants' motion to dismiss be granted with plaintiff being granted leave to amend only as to his unreasonable seizure claim in violation of the Fourth Amendment and only as to named defendant CHP Officer Wade, as well as to his request for injunctive relief limited to whether the impoundment of plaintiff's vehicle exceeded the scope of the community caretaking doctrine.  (Doc. No. 27.)

1

The findings and recommendations were served upon plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days after service.  (*Id.* at 23.)  To date, no objections to the pending findings and recommendations have been filed by the parties and the time in which to do so has passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, the court concludes that the pending findings and recommendations are supported by the record and proper analysis.

Accordingly,

1.   The findings and recommendations issued on March 20, 2026 (Doc. No. 27) are ADOPTED in full;

2.   Defendants' motion to dismiss (Doc. No. 17) is granted as follows:

    a.   Plaintiff's claims brought against the defendant CHP are dismissed without leave to amend;

    b.   Plaintiff's claim seeking the return of his vehicle is dismissed without leave to amend;

    c.   Plaintiff's claims brought against defendant Officer Wade for violation of the fundamental right to travel, performance of an unreasonable search under the Fourth Amendment, and deprivation of procedural due process are dismissed without leave to amend;

    d.   Plaintiff's request for recovery of fees and costs associated with his vehicle's impoundment is dismissed without leave to amend;

    e.   Plaintiff's claim against defendant Officer Wade for unreasonable seizure under the Fourth Amendment is dismissed with leave to amend being granted as to why the community caretaking doctrine does not justify such seizure and to the extent that plaintiff seeks some other injunctive relief not otherwise precluded by this order; and

/////

/////

2

3. Should plaintiff wish to continue pursue this action, his First Amended Complaint must be filed within thirty (30) days of the date of this order. Any failure to file a First Amended Complaint within the time provided will result in an order dismissing this action for failure to prosecute.

IT IS SO ORDERED.

Dated: **June 1, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3